ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DANIEL DAVIS,

                Plaintiff,

      -against-

MARY DEPAOLO, JOSEPH DICONSTANZO,
JON CONSTAGLIOLA, AMERICAN DREAM
SAVERS, INC., NYC PREMIER PROPERTIES,
INC., GREAT AMERICAN MORTGAGE
CORP., COMMONWEALTH UNITED
MORTGAGE, A DIVISION OF NATIONAL
CITY BANK OF INDIANA, "JOHN DOE" and
"JANE DOE," the last two names being
fictitious, said parties being individuals, if any,
having or claiming an interest in, or lien upon,
the premises described herein, or having any
involvement in the fraud perpetrated on
plaintiff, and XYZ-1 CORPORATION and
XYZ-1 CORPORATION, the last two names
being fictitious, it being the intention of the
plaintiff to designate any corporation having a
legal interest in the premises described herein,

                Defendants.

-------------------------------------------------------x

**ORDER**
Case No. CV-05-4707(FB)(MDG)

**BLOCK, District Judge:**

       On October 6, 2005, Plaintiff Daniel Davis ("Davis") brought an order to

show cause seeking a temporary restraining order ("TRO") and preliminary injunction (1)

staying all proceedings on the part of Mary Depaolo; Joseph Diconstanzo; Jon Constagliola;

American Dream Savers, Inc.; NYC Premier Properties, Inc.; Great American Mortgage

Corp.; Commonwealth United Mortgage, a Division of National City Bank of Indiana; John

Doe; Jane Doe; XYZ-1 Corporation and XYZ-2 Corporation (collectively, "defendants"),

defendants' attorneys and agents, and any New York City Marshal, with respect to

execution of an eviction warrant issued in *NYC Premier Properties, Inc., v. Daniel Davis*,

Index No. 51627/05, Civil Court of the City of New York, County of Richmond, Housing

Part, and (2) enjoining defendants from alienating, transferring, assigning, mortgaging or

committing waste upon any interest which defendants or their heirs or assignees claim to

have in the property at 50 Swan Street, Staten Island, NY 10301, that is the subject of the

complaint filed by Davis in this matter.

On October 6, 2005, the court granted the TRO to aid the Court in

ascertaining whether 28 U.S.C. § 2283 (the "Anti-Injunction Act") barred the Court from

entering a preliminary injunction against defendants.[1] *See United States v. United Mine*

*Workers*, 330 U.S. 258, 290 (1947) ("District Court unquestionably had the power to issue a

restraining order for the purpose of preserving existing conditions pending a decision

upon its own jurisdiction."); *ONBANCorp., Inc. v. Holtzman*, 1997 WL 381779 at *4 n.4

(N.D.N.Y. 1997) (citing Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal

Practice and Procedure § 4222 (2d ed. 1988) (federal court may stay proceedings to

ascertain whether the Anti-Injunction Act applies).

A hearing on Davis's motion for a preliminary injunction was held on

December 15, 2005. For the reasons stated in open court, the Court concludes that (1) with

---

[1]The Anti-Injunction Act prohibits a federal court from enjoining state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283.

respect to Davis's first request for relief, the Anti-Injunction Act bars the court from enjoining the judgment of possession entered in the state court proceeding, and (2) with respect to his second request for relief, Davis has failed to demonstrate that he will suffer irreparable harm if the injunction is not granted.

The TRO is lifted and Davis's motion for a preliminary injunction is denied.

**SO ORDERED.**

Brooklyn, NY
December 16, 2005

FREDERIC BLOCK
United States District Judge